DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Municipal Court that found appellant guilty of driving under the influence of alcohol in violation of R.C. 4911.19(A)(1). For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN ALLOWING THE TESTIMONY OF TOM KELLOG (SIC) AND NURSE NANCY MERRICK IN VIOLATION OF THE PRIVILEGE ESTABLISHED BY LAW."
The facts that are relevant to the issues raised on appeal are as follows. On August 29, 1998, appellant was injured when his car left the road and overturned in a ditch. Appellant received emergency medical treatment at the scene and was taken to the hospital. Due to appellant's physical condition, the police were unable to administer any field sobriety tests at the scene. A state trooper stayed with appellant, who was conscious, in the emergency room. While at the hospital, appellant refused to submit to a blood-alcohol test. Appellant subsequently was cited for driving under the influence of alcohol in violation of R.C.4511.19(A)(1). On October 14, 1998, appellant filed a motion to suppress evidence in which he asked the court to suppress tests of appellant's sobriety, including his refusal to submit to chemical tests, statements he made, and the observations and opinions of the officers who had contact with him following the accident. The trial court found appellant's motion not well-taken and the case proceeded to trial before a jury on February 26, 1999.
The state presented the testimony of Tom Kellogg, one of the emergency medical technicians who treated appellant at the scene of the accident, and Nancy Merrick, a nurse who treated appellant at the hospital. Kellogg testified that he responded to an auto accident call involving appellant at approximately 2:00 a.m. on August 29, 1998. When Kellogg arrived at the scene, he found appellant walking around and bleeding. Kellogg and the other emergency medical technicians talked to appellant but appellant yelled at them and would not allow them to treat him until more than ten minutes had passed. Kellogg testified that appellant was agitated and was yelling things that made no sense. Upon questioning by the rescue personnel, appellant eventually said that he had been driving the car and that there had been no passengers. Kellogg further stated that appellant's speech was slurred but understandable and that his eyes were glassy. Kellogg testified that he noticed the smell of alcohol and that, in front of at least three other emergency medical personnel, appellant said he had consumed five beers. Kellogg stated that appellant had no symptoms consistent with shock or head injury and that it was his opinion that appellant's behavior was consistent with alcohol intoxication.
Nancy Merrick testified that she was working as the night supervisor at the hospital the night appellant was brought to the emergency room. Another nurse assessed appellant as soon as he arrived and Merrick then took over. Merrick testified that appellant was uncooperative, belligerent and cursed a lot while she attempted to assess him. She stated that appellant would not lie still, that he tried to hit the nurses, and that he "reeked of alcohol." She further testified that she was not able to assess appellant's coordination because he was restrained on a back board. Merrick stated that in her opinion appellant was very intoxicated. She stated that during her examination of appellant, a doctor, another nurse, a lab technician, an x-ray technician and a police officer were in and out of the room. The jury found appellant guilty of the offense charged and appellant filed a timely appeal.
Appellant asserts on appeal that the trial court erred by allowing the testimony of Kellogg and Merrick. Appellant argues that nurses fall under the privilege established by R.C.2317.02 and that the "communications" between appellant and Merrick therefore are protected by the privilege. As to Kellogg, appellant asserts that emergency medical technicians receive training very similar to that received by nurses and, therefore, allowing communications between a patient and an emergency medical technician to be introduced at trial would defeat the purpose of the privilege.
R.C. 2317.02 establishes several testimonial privileges which operate to exclude communications made or acts done in the course of certain relationships specified in the statute. As to the physician-patient relationship, the statute provides in relevant part:
 "The following persons shall not testify in certain respects:
"* * *
 "(B) A physician concerning a communication made to him by his patient in that relation or his advice to his patient but the physician may testify by express consent of the patient * * *."
Because the privilege set forth in R.C. 2317.02(B) is in derogation of the common law, it must be strictly construed against the person asserting it. State v. Dress (1982), 10 Ohio App.3d 258,360, citing Weis v. Weis (1947), 147 Ohio St. 416. Appellant's argument herein is two-fold: first, that the privilege applies to communications between a patient and a nurse or emergency medical technician; and second, that everything that transpired between appellant and Kellogg as well as between appellant and Merrick constituted "communication" as used in R.C.2317.02(B).
It has been held that the party seeking to invoke this privilege must establish that the "communication" was extended to the physician as a private confidence, or was intended to be received in that manner. Dress, supra. The term "communication" as used in R.C. 2317.02(B) has been interpreted to include not only verbal exchanges of information, but also physical observations and physical examinations. Dress, supra.
The purpose of the physician-patient privilege is to encourage a patient to make a full disclosure of his medical condition and concerns without fear that his doctor will later reveal the patient's confidences. Such disclosure on a patient's part can help a physician properly diagnose and treat the patient. Emergency medical technician Kellogg testified that appellant yelled at him, told the emergency medical technicians to stay away from him and leave him alone, and yelled, "Just stay the fuck away from me." Nurse Merrick testified that appellant yelled at the hospital staff; struck out at them; "used fuck in every other word;" when asked questions, responded "Fuck you, I am not going to tell you;" and referred to Merrick as "you bitch."
After a thorough review of Kellogg's and Merrick's testimony, we are unable to find reference to any statements or other "communications" by appellant that could be construed as having been made as part of a disclosure of medical concerns or offered by appellant in confidence to Kellogg or Merrick. It is clear from the witnesses' testimony that appellant was yelling most of the time and that he was not alone with either Kellogg or Merrick at any time. Those circumstances do not indicate communications made as a private confidence and intended to be received in that manner.
Upon consideration of the foregoing, this court finds that there were no "communications" between appellant and Kellogg or appellant and Merrick giving rise to the physician-patient privilege and that the trial court did not err by permitting Kellogg and Merrick to testify. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J.,Mark L. Pietrykowski, J., CONCUR.